## CARNAHAN and others *v.* BAILEY.

(*Circuit Court, N. D. Ohio, W. D.* June Term, 1886.)

1. SALE—VALIDITY—WHEN THE PROPERTY PASSES.
   The title to personal property vests in the vendee when he obtains, without fraud, unconditional possession of it.

2. SAME—FRAUDULENT INTENT.
   When personal property is purchased on credit with the intent, then existing, not to pay for it, the title does not pass to the vendee.

3. SAME—INSOLVENCY OF BUYER.
   A purchase of goods on credit, by a merchant who knows himself t) be insolvent, but who has reasonable expectations of being able to pay, is not fraudulent, notwithstanding that the fact of the insolvency is not known or disclosed to the vendor.

4. SAME—PURCHASE FROM INSOLVENT BUYER—REPLEVIN.
   An innocent purchaser for value, of such goods, takes title to them as against the original vendor.

The plaintiffs were wholesale dealers in boots and shoes in the city of Fort Wayne, Indiana. One Amos Rodgers was a retail dealer in boots and shoes at the town of Paulding, Ohio, and had been, since 1882, purchasing goods from the plaintiffs as he wanted them to sell, and on a credit of four months; and in the month of January, 1884, ordered, through the commercial agent of the plaintiffs, a bill of goods amounting to some $800. At that time Rodgers was indebted to the plaintiffs on such purchase of goods before then sold him. This bill of goods was sold Rodgers on a credit of four months from the first of April then following. The goods were not, immediately after the order, sent by the plaintiffs to Rodgers. Some time after the order was made, Rodgers, by postal-card, directed the plaintiffs to send to him part of the goods ordered,—such as would be salable before the spring season opened. Thereupon the plaintiffs, about the last of January or first of February, sent him the whole amount of goods ordered, and forwarded to him bill of the same. The goods were received, and put up in the store of Rodgers for sale. Rodgers made no representation as to his financial condition, nor did the plaintiffs make any inquiry of him, or any one else, as to his ability to pay for the goods. About the ninth day of February, Rodgers sold his whole stock of goods, including the goods thus sent him by the plaintiffs, to the defendant, Bailey, for the sum of $1,900, which was paid by him to Rodgers, and the whole stock of goods taken into possession of Bailey, who continued the business in the same store-room; Rodgers, after an absence of some 10 days, going into the store, and helping Bailey to attend to the business there. On the eleventh day of February, 1884, the plaintiffs obtained a writ of replevin against Bailey, and took possession of the goods so sent to Rodgers, claiming them to be their property, in the court of common pleas of Paulding county, and which suit was removed to the circuit court of the United States for this circuit and division. The case was tried to a jury.

*Newbegin & Kingsley,* for plaintiffs.
*Osborn & Smith,* for defendant.

WELKER, J., (*orally, charging jury.*)  As a general rule, the property in goods passes to the purchaser when he obtains, without fraud, unconditional possession of the goods sold by the seller; but to this there is this exception:  If the property was purchased with the intent not to pay for it, the property does not pass to the purchaser. That a contract for the purchase of goods on credit, made with intent on the part of the purchaser not to pay for them, is fraudulent; and, if the purchaser has no reasonable expectation of being able to pay, it is equivalent to an intention not to pay.  But where the purchaser intends to pay, and has reasonable expectations of being able to do so, the contract is not fraudulent, although the purchaser knows himself to be insolvent, and does not disclose it to the vendor, who is ignorant of the fact.  The intent not to pay in this case must be shown to exist at the time the goods in dispute were ordered, or at the time the goods were ordered to be forwarded, and received by Rodgers.  If the intent not to pay was conceived and formed by Rodgers after he had obtained possession of the goods, and commenced the sale thereof, and not before, such afterwards formed intent would not authorize the plaintiffs to repudiate the sale, and retake the goods.

This intent to defraud may be shown by facts and circumstances. To establish this intent, the relations of the parties, and their dealings; what took place before and after the sale; the conditions and circumstances surrounding the parties at the time,—must be considered.

The defendant, Bailey, at the time this suit was brought, was in possession of the goods in dispute, under a sale before that time made to him by Rodgers.  If the defendant was an innocent purchaser of the goods from Rodgers, who had possession of them when sold to him, he would be protected in such possession against the plaintiffs' claim of title thereto.  Was the defendant such innocent purchaser?

If the defendant knew, at the time of the sale to him by Rodgers, that Rodgers had purchased the goods in dispute from the plaintiffs, on credit, and then owed for them; and that Rodgers had purchased the goods with the intent not to pay for them; or had information of such facts and circumstances as would lead a reasonably prudent man to believe that such purchase had been so made with such intention not to pay for them,—he would not be an innocent purchaser.  But if he did not have this knowledge or information at the time he purchased the goods then in the possession of Rodgers, he would be an innocent purchaser, and the plaintiffs cannot recover the goods from him in this action.  So, if the sale by Rodgers to him was without consideration, and a mere sham to aid Rodgers to carry out his in-

tention to defraud the plaintiffs out of the goods, he would not be such innocent purchaser.

Verdict for the plaintiffs.